**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAMERON SAWYER,<br><br>Plaintiff,<br><br>v.<br><br>PARK CITY, and OFFICER LUCIAN TESSMANN, in his individual and official capacity,<br><br>Defendants. | Case No.: |

**COMPLAINT AT LAW**

NOW COMES the plaintiff, CAMERON SAWYER, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and for his complaint at law against the defendants, PARK CITY, and OFFICER LUCIAN TESSMANN, in his individual and official capacity, alleges as follows:

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the defendants' tortious conduct and their deprivation of plaintiff's rights secured by the U.S. Constitution.

2. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district, and the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff, CAMERON SAWYER, is a resident of the City of Waukegan, County of Lake, and State of Illinois.

5. Defendant, PARK CITY, is an Illinois municipal corporation that is or was the employer of the individual officer named as a defendant herein. At all relevant times, the aforementioned officer acted as a duly authorized agent of PARK CITY. Furthermore, Defendant, PARK CITY, is a necessary party and is ultimately responsible for judgment.

6. At all relevant times, defendant, OFFICER LUCIAN TESSMANN, was an employee and/or duly authorized agent of the PARK CITY, and was acting in the course and scope of his employment.

7. At all relevant times, OFFICER LUCIAN TESSMANN, was acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the PARK CITY. OFFICER LUCIAN TESSMANN is being sued in his individual and official capacity.

## GENERAL ALLEGATIONS

8. On or about February 7, 2020, and at all times relevant, officer, OFFICER MANDERS, of the PARK CITY, was on patrol on westbound Belvidere Road at its intersection with Ruth Wilcox Avenue, in the City of Park City, County of Lake, State of Illinois.

9. On or about February 7, 2020, and at all times relevant, officer, OFFICER MANDERS, of the PARK CITY, observed a vehicle with what he deemed to be "extremely dark tinted front side and rear windows."

10. On or about February 7, 2020, and at all times relevant, officer, OFFICER MANDERS, of the PARK CITY, attempted to curb the vehicle, which first slowed and then increased speed and took off.

11. On or about February 7, 2020, and at all times relevant, officer, OFFICER MANDERS, of the PARK CITY, pursued the subject vehicle to the Walmart parking lot, located at or near 3900 Fountain Square Place, in the City of Waukegan, County of Lake, State of Illinois.

12. Upon arriving in the Walmart Parking lot, OFFICER MANDERS, radioed for backup for any available officers.

13. On or about February 7, 2020, and at all times relevant, officers from PARK CITY were dispatched to a Chase Bank, located at or near, 3950 Fountain Square Place in the City of Waukegan, County of Lake, State of Illinois for pursuit of a fleeing individual subject to a traffic stop.

14. On or about February 7, 2020, plaintiff, CAMERON SAWYER, was present at the aforementioned location when officers from PARK CITY, specifically Defendant, OFFICER LUCIAN TESSMANN, arrived.

15. On or about February 7, 2020, and at all times relevant, Defendant, OFFICER LUCIAN TESSMANN, was the actual and/or apparent agent, employee, and/or servant of the Defendant, PARK CITY, responded to 3950 Fountain Square

Place in the City of Waukegan, County of Lake, State of Illinois for pursuit of a fleeing individual subject to a traffic stop.

16. On or about February 7, 2020, and at all times relevant, Defendant, OFFICER LUCIAN TESSMANN, gained entry into the abovementioned Chase Bank, in pursuit of the Plaintiff, CAMERON SAWYER.

17. On or about February 7, 2020, and at all times relevant, Plaintiff, CAMERON SAWYER, surrendered to OFFICER LUCIAN TESSMANN, of the PARK CITY.

18. At all relevant times, Defendant, OFFICER LUCIAN TESSMANN, was yelling for Plaintiff, CAMERON SAWYER, to surrender or he will be tased. Plaintiff, CAMERON SAWYER, complied and surrendered to OFFICER LUCIAN TESSMANN.

19. At the aforementioned time, Defendant, OFFICER LUCIAN TESSMANN, tased Plaintiff, CEMERON SAWYER, without warning, in an areas where it was unsafe to the public, and hit him multiple times, resulting in fracturing to his teeth and multiple lacerations to his arms and bleeding from his head.

20. At the aforementioned time and place, Plaintiff, CAMERON SAWYER, had surrendered to defendants, OFFICER LUCIAN TESSMANN and the PARK CITY.

21. At the aforementioned time and place, Defendant, OFFICER LUCIAN TESSMANN, heard Plaintiff, CAMERON SAWYER surrender, and Defendant,

OFFICER LUCIAN TESSMANN, failed to cease his use of force and/or protect Plaintiff, CAMERON SAWYER, from the excessive force being used against Plaintiff, CAMERON SAWYER after he had surrendered.

22. At the aforementioned time and place, Defendant, OFFICER LUCIAN TESSMANN, failed to properly exercise his use of force to prevent unnecessary and unwarranted harm to Plaintiff, CAMERON SAWYER.

23. At the aforementioned time and place, Plaintiff, CAMERON SAWYER, was not combative or a danger to Defendant, OFFICER LUCIAN TESSMANN, other officers, and/or the public.

## COUNT I

### 42 U.S.C. § 1983 – Excessive Force v. OFFICER LUCIAN TESSMANN

24. Plaintiff, CAMERON SAWYER, adopts and re-alleges paragraphs 1 through 23 of this complaint, as and for paragraph 24 of this Count I, as though fully stated herein.

25. On or about February 7, 2020, Defendant, OFFICER LUCIAN TESSMANN'S actions, while acting under the color of law, amounted to unnecessary and excessive force to the person of the Plaintiff, CAMERON SAWYER, when there were no reasonable grounds to do so.

26. On or about February 7, 2020, Plaintiff, CAMERON SAWYER'S actions did not justify the use of unnecessary and excessive force by Defendant, OFFICER LUCIAN TESSMANN.

27. Defendant, OFFICER LUCIAN TESSMANN'S actions were malicious, willful and wanton, and constituted a reckless and deliberate indifference to Plaintiff, CAMERON SAWYER's constitutionally protected rights, while acting under the color of law.

28. As a direct and proximate result of the aforementioned actions and/or omission of Defendant, OFFICER LUCIAN TESSMANN, the plaintiff, CAMERON SAWYER, was deprived of the rights, privileges, and immunities guaranteed by the Fourth Amendment and/or Fourteenth Amendment of the United States Constitution, namely he was subjected to an unreasonable use of force.

29. In addition, as a direct and proximate result of the aforementioned actions and/or omission of Defendant, OFFICER LUCIAN TESSMANN, the plaintiff, CAMERON SAWYER, was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, Plaintiff, CAMERON SAWYER, demands compensatory damages, from the defendants, PARK CITY, and OFFICER LUCIAN TESSMANN. Plaintiff, CAMERON SAWYER, demands judgment against all defendants jointly and severally and further demand punitive damages, costs and attorney fees

against the defendant, OFFICER LUCIAN TESSMANN, and any additional relief this Court deems equitable and just.

## COUNT II

### 745 ILCS 10/9-102 – Indemnification Claim v. PARK CITY

1. Plaintiff, CAMERON SAWYER, adopts and re-alleges paragraphs 1 through 23 of this complaint, as and for paragraph 24 of this Count I, as though fully stated herein.

2. In the event that any individual Defendant is found liable for their actions performed in the course of their employment, the PARK CITY, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, the plaintiff, CAMERON SAWYER, individually demands that the PARK CITY, pay for any compensatory judgment against individual defendants who acted in the course of their employment.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

**O'CONNOR LAW FIRM, LTD.**

/s/ Ashley M. Murray_________
Ashley M. Murray

**O'CONNOR LAW FIRM, LTD.**
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609 | Fax: (312) 263-1913
Kevin W. O'Connor (ARDC#6216627)
Ashley M. Murray (ARDC #6313564)
koconnorlaw@koconnorlaw.com | amurray@koconnorlaw.com
firm@koconnorlaw.com